**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0224-19T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NAGY A. IBRAHIM, a/k/a
NAGY IBRAHAM, NAGGY
IBRAHIM, ADEL IBRAHIM,
NAGY ADEL IBRHIM,
EMANUEL VENTURA, and
ADEL,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided January 26, 2021

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 08-01-0227 and 07-12-2889.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the June 4, 2019 Law Division order denying his petitions for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Following a jury trial, defendant was convicted of first, second, and third-degree drug distribution and related offenses charged in a 2008 eight-count indictment, Indictment No. 08-01-0227.[1] On January 22, 2010, he was sentenced to an extended term of fifty-five years' imprisonment, with a twenty-five-year period of parole ineligibility, on the first-degree offense (count seven). The remaining counts were merged. Five days later, on January 27, 2010, defendant entered a negotiated guilty plea to third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1), and 2C:35-5(b)(3), charged in a 2007 two-count indictment, Indictment No. 07-12-2889. On the same date, defendant was sentenced in accordance with

---

[1] On defendant's motion, the trial court severed count eight of the indictment for trial purposes and later dismissed the count. The jury returned a verdict of guilty on all seven remaining counts.

the plea agreement to a five-year term of imprisonment, with a two-year period of parole ineligibility, concurrent to the 2008 indictment.

Defendant appealed his convictions and sentence on the 2008 indictment only. We affirmed his convictions in an unpublished opinion but remanded "for further consideration of the sentence." State v. Ibrahim, No. A-3177-09 (App. Div. Feb. 8, 2012) (slip op. at 2). On the remand, defendant's sentence was reduced to fifty years' imprisonment, with 200 months of parole ineligibility. On February 6, 2013, we affirmed the re-sentence on a Sentence Only Argument calendar. See R. 2:9-11. The Supreme Court ultimately denied defendant's reinstated petition for certification after initially dismissing it for failure to prosecute. State v. Ibrahim, 225 N.J. 340 (2016).[2]

The facts underlying defendant's convictions on the 2008 indictment are set forth in our opinion and need not be repeated at length here. See Ibrahim, No. A-3177-09, slip op. at 2-8. Briefly, the convictions stemmed from an undercover investigation during which defendant sold crack cocaine on three separate occasions to a confidential informant (CI) who "assisted the federal and state governments in approximately twenty-five investigations involving first-

---

[2]  As the PCR court noted, defendant "presented his case pro se as a result of firing his [appellate] attorney."

A-0224-19T1

degree and second-degree offenses," including defendant's case, "received a reduced sentence in exchange for his cooperation," and "received certain cash payments in connection with his continued services as a [CI]." Id. at 3. Prior to each of the sales, the CI called defendant to arrange the purchases, which calls were intercepted and recorded by law enforcement with the CI's consent, in accordance with the consensual interception provision of the Wiretap Act, N.J.S.A. 2A:156A-4(c). Id. at 5, 6, 7. At trial, the State "played the audiotapes of numerous recorded phone calls that [the CI] made to defendant." Id. at 5, n.3. In addition to the CI's testimony, the State presented testimony from Detective Keith Carmack, the lead investigator, as well as other officers "who had participated in the investigation" and who had monitored and witnessed the transactions. Id. at 8. Further, "[t]he parties stipulated that 152.6 grams of cocaine (or about 5.362 ounces) were collectively recovered as a result of the investigation." Ibid. In his direct appeal, defendant "principally contest[ed] the State's use of a [CI] in the investigation that led to his prosecution." Id. at 2.

On August 29, 2016, defendant filed a pro se PCR petition on the 2008 indictment only, after the trial court had previously granted his request to withdraw a 2013 petition without prejudice. In his reinstated PCR petition, defendant alleged numerous claims of ineffective assistance of counsel (IAC).

A counseled brief submitted on defendant's behalf as well as two pro se supplemental briefs raised additional claims. Thereafter, on July 11, 2018, defendant filed a pro se PCR petition on the 2007 indictment alleging various IAC claims.

Following oral argument, Judge Bernard E. DeLury, Jr., who had also presided over both the jury convictions for the 2008 indictment and the plea conviction for the 2007 indictment, denied defendant's petitions by order dated June 4, 2019. In a sixty-eight-page written opinion, the judge painstakingly reviewed the factual background, procedural history, and submissions by the parties. Regarding the 2007 indictment, the judge determined defendant's petition "was not timely filed and [was] barred under [Rule] 3:22-12." See R. 3:22-12(a)(l) (imposing a five-year deadline for first petitions, which is subject to extension "due to [a] defendant's excusable neglect," where "there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice").

The judge explained that the petition was

> time barred pursuant to [Rule] 3:22-12 because it was not filed within five . . . years after the date of conviction, which was entered approximately eight . . . years before [defendant] filed his PCR. Furthermore, [defendant] has failed to present any facts to show that his delay was due to his own excusable neglect.

A-0224-19T1

> Moreover, he has failed to show that his factual assertion would result in a fundamental injustice if the time bar was enforced.

See State v. Afanador, 151 N.J. 41, 52 (1997) (explaining that factors to be considered in determining whether a petitioner has asserted a sufficient basis for relaxing Rule 3:22-12(a)(l)'s time restraints include "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits" (citing State v. Mitchell, 126 N.J. 565, 580 (1992))).

Regarding the 2008 indictment, the judge applied the governing legal principles and concluded defendant failed to establish a prima facie case of IAC by a preponderance of the evidence. Viewing the facts in the light most favorable to defendant, the judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different without the purported deficient performance as required under the second prong of the Strickland/Fritz test. Additionally, the judge concluded that defendant was not entitled to an evidentiary hearing

because he failed to present any issues that could not be resolved by reference to the existing record.

Pertinent to this appeal, in his written decision, the judge expressly rejected defendant's contention that he was deprived of effective assistance of counsel during the plea negotiation process. Defendant claimed that because trial counsel was under the mistaken impression that the 2007 indictment included a second-degree charge, counsel misled him about the charges and failed to engage in effective plea negotiations to facilitate a global resolution of both indictments. Preliminarily, the judge acknowledged that during the plea hearing on the 2007 indictment, "there was a discussion about whether or not [the 2007 indictment] was a two-count or a three-count indictment and whether [defendant] was selling in a school zone," but after resolving that the school zone count "was not . . . true bill[ed] by the Grand Jury," the "court proceeded with the plea hearing."

The judge then noted that pursuant to State v. Williams, 277 N.J. Super. 40, 46 (App. Div. 1994), "[t]rial [c]ounsel does not have the ability to compel a plea offer as the prosecutor solely possesses this power. Therefore, [defendant's t]rial [c]ounsel . . . cannot be ineffective for not seeking or procuring" a certain plea offer. See ibid. ("[A] defendant has no legal entitlement to compel a plea

offer or a plea bargain; the decision whether to engage in such bargaining rests with the prosecutor.").  Further, after carefully reviewing the record, the judge determined that defendant "was offered a very favorable plea deal" of fourteen years' imprisonment, with a five-year period of parole ineligibility, on the more serious 2008 indictment, "a first-degree weight case," with a concurrent lesser sentence on the less serious 2007 indictment.  However, defendant rejected the offer "after being specifically informed that by doing so he would risk a potential life sentence by going to trial."

The judge concluded that the record did not support defendant's contention that trial counsel's error regarding the charges contained in the 2007 indictment had any effect on him rejecting the fourteen-year plea deal offered on the 2008 indictment.  The judge elaborated:

> The record reflects that [defendant] was informed and stated that he understood the risk he was taking by rejecting the plea deal . . . .  The record, as well as the time line of events negates any argument that [defendant's] counsel failed to provide timely, accurate[,] and updated explanations as to the status of plea negotiations.  [Defendant's] claim that these actions resulted in him taking a 'worse deal' by proceeding to trial are unsupported due to [defendant's] refusal to listen to his numerous attorneys' explanations and warnings regarding his sentence exposure.[3]

---

[3]  Defendant was represented by at least three different attorneys from indictment to trial on the 2008 indictment.

> [Defendant] elected to go to trial despite these warnings and was convicted and sentenced to an extended term. There is nothing to suggest that [defendant's] trial counsel was ineffective under the Strickland[/]Fritz standard as the record reflects counsel's attempts to warn [defendant], which went unheeded.

The judge also rejected defendant's pro se claims. In his pro se submissions, defendant asserted that (1) the indictment should have been dismissed because the CI, rather than a detective, should have testified before the grand jury; (2) the judge's ruling at the N.J.R.E. 104 hearing, admitting N.J.R.E. 404(b) evidence regarding the purchase of firearms, was erroneous; (3) law enforcement mishandled the CDS evidence; and (4) the consensual interceptions were unlawful. Thus, defendant inferred his attorney was ineffective in handling these issues at trial. However, the judge explicitly found no "prima facie showing of [IAC] pertaining to these issues." Moreover, the judge agreed with the State that the issues were procedurally barred under Rule 3:22-5, which provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction . . . or in any appeal taken from such proceedings," and Rule 3:22-4, which bars a defendant from raising any issue in his first PCR petition that could have been raised on direct appeal unless one of three exceptions apply, none of which obtain here.

Specifically, defense counsel had unsuccessfully moved to dismiss the indictment pre-trial and had attacked the validity of the consensual interceptions on direct appeal. See State v. Preciose, 129 N.J. 451, 476 (1992) ("[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for [PCR]." (citing R. 3:22-5)). Further, although not raised on direct appeal, trial counsel had challenged the admission of the Rule 404(b) evidence and had effectively "cross-examin[ed] the FBI agent regarding the issue of chain of custody of the drugs." Additionally, because defendant "failed to provide any factual or legal basis that the drug evidence was mishandled by Detective Carmack or that the wrong drugs were taken out of the safe and sent to the lab," his claim of impropriety was "a mere bald assertion." See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.").

On appeal, defendant presents the following issues for our consideration:

POINT I

AS THE INTEREST[S] OF JUSTICE APPLY IN THIS CASE, THE FIVE-YEAR TIME BAR SHOULD BE RELAXED.

A-0224-19T1

POINT II

AS DEFENDANT SHOWED THAT HIS ATTORNEY WAS INEFFECTIVE DURING PLEA NEGOTIATIONS, HE IS ENTITLED TO RELIEF.

POINT III

AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

POINT IV

AS THE PCR COURT FAILED TO EXPLAIN ITS REASONS WHEN IT DENIED DEFENDANT'S SEVERAL [PRO SE] CLAIMS, A REMAND IS REQUIRED.

POINT V

AS PCR COUNSEL FAILED TO PROPERLY BRIEF AND ARGUE THAT DEFENDANT'S CLAIM THAT HIS TRIAL COUNSEL UNDER INDICTMENT NO. 08-01-0227-I FAILED TO INVESTIGATE AND TO PRESENT AN ENTRAPMENT DEFENSE, THIS MATTER SHOULD BE REMANDED. (NOT RAISED BELOW).

We are not persuaded by any of these arguments and affirm substantially for the reasons set forth in Judge DeLury's exhaustive and well-reasoned written opinion, adding the following comments.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show "by a preponderance of the credible evidence," State v.

11

Goodwin, 173 N.J. 583, 593 (2002), that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58. The mere raising of a PCR claim does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Rather, "view[ing] the facts in the light most favorable to a defendant," Preciose, 129 N.J. at 463, PCR judges should grant evidentiary hearings in their discretion only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

A PCR claim is not a substitute for a direct appeal and thus must overcome some time and procedural bars before it can be considered. R. 3:22-3. To that end, "a defendant may not employ post-conviction relief to assert a new claim that could have been raised on direct appeal, Rule 3:22-4, or to relitigate a claim already decided on the merits, Rule 3:22-5." Goodwin, 173 N.J. at 593. A defendant is also constricted by "Rule 3:22-12, which establishes a five-year time limit for petitioning for post-conviction relief." Ibid.

We are satisfied from our review of the record that Judge DeLury correctly imposed the applicable time and procedural bars to defendant's PCR claims and properly determined that defendant failed to make a prima facie showing of IAC

within the <u>Strickland</u>/<u>Fritz</u> test to warrant relief or an evidentiary hearing.  <u>See</u> <u>State v. Reevey</u>, 417 N.J. Super. 134, 146-47 (App. Div. 2010) ("[I]t is within our authority to conduct a de novo review of both the factual findings and legal conclusions of the PCR court" where, as here, no evidentiary hearing was conducted) (citations and internal quotation marks omitted).

Defendant also argues that his PCR attorney was ineffective by failing to advance defendant's claim that trial counsel was ineffective for "failing to investigate and present an entrapment defense" at trial.  Defendant asserts that "other than includ[ing] a single conclusory notation in her PCR brief," PCR counsel "did not substantively argue defendant's claim either in her brief or at oral argument," and, "[a]s a consequence, the PCR court did [not] address this claim in its written opinion."  Defendant urges that the "matter should be remanded" for "the appointment of new PCR counsel and a new [PCR] hearing."

In addition to the constitutional right to the effective assistance of counsel, "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding."  <u>State v. Hicks</u>, 411 N.J. Super. 370, 376 (App. Div. 2010).  The Rule provides:

> Counsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit,

13

counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.

[R. 3:22-6(d).]

In State v. Webster, 187 N.J. 254, 257 (2006), our Supreme Court held that PCR counsel must "investigate the claims urged by the client" and "should advance all of the legitimate arguments that the record will support." See also State v. Rue, 175 N.J. 1, 18 (2002) (recognizing "the critical nature of faithful and robust representation of a defendant at a PCR proceeding"). If a defendant shows that his PCR attorney's representation was deficient under the standards imposed by the Rule, the Strickland test is irrelevant. Rue, 175 N.J. at 4; Hicks, 411 N.J. Super. at 376. "The remedy for counsel's failure to meet the requirements imposed by Rule 3:22-6(d) is a new PCR proceeding." Ibid.

Here, unlike Hicks, where it was apparent that PCR counsel had failed to meet his obligations, we cannot conclude on the record before us that PCR counsel failed to discharge the responsibilities specified under Rule 3:22-6(d) and that a remand for a new hearing is required. In reaching that conclusion, we are persuaded by the fact that, contrary to defendant's claim, trial counsel unsuccessfully presented the statutory defense of entrapment at trial and

appellate counsel unsuccessfully challenged the related jury instruction in defendant's direct appeal. <u>Ibrahim</u>, No. A-3177-09, slip op. at 18-22.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0224-19T1