277 N.J. Super. 40 (1994)
648 A.2d 1148
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DAVID WILLIAMS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1994.
Decided October 25, 1994.
*43 Before Judges J.H. COLEMAN, DREIER[1] and VILLANUEVA.
John S. Redden, Deputy First Assistant Prosecutor, argued the cause for appellant (Clifford J. Minor, Essex County Prosecutor, attorney; Mr. Redden and Joan E. Love, Assistant Prosecutor, of counsel and on the brief).
Linwood A. Jones argued the cause for respondent (Mr. Jones, attorney, and of counsel and on the brief).
The opinion of the court was delivered by VILLANUEVA, J.A.D.
The State appeals, pursuant to leave granted, from the trial court's vacation of a jury verdict convicting defendant of drug offenses and permitting the defendant, over the State's objection, *44 to plead guilty to an expired plea offer. We reverse and remand for sentencing.
The Essex County Grand Jury returned an indictment charging defendant David Williams (defendant) and codefendant Tonya Tisdale with third degree conspiracy to violate the narcotic laws of the State of New Jersey, contrary to N.J.S.A. 2C:5-2 (count one); third degree possession of a controlled dangerous substance, contrary to N.J.S.A. 2C:35-10a(1) (count two); third degree possession with intent to distribute a controlled dangerous substance, contrary to N.J.S.A. 2C:35-5b(3) (count three); third degree distribution of a controlled dangerous substance, contrary to N.J.S.A. 2C:35-5b(3) (count four); third degree possession with intent to distribute a controlled dangerous substance within one thousand feet of school property, contrary to N.J.S.A. 2C:35-7 (count five); and third degree distribution of a controlled dangerous substance within one thousand feet of school property, contrary to N.J.S.A. 2C:35-7 (count six).
On November 1, 1993, the trial judge conducted a plea disposition conference. Both defendants rejected the plea recommendation proffered by the State and elected to go to trial. The court imposed a plea cut-off date as of November 1, 1993.
Trial commenced on January 5, 1994. Prior to the selection of a jury, pretrial hearings were held on defendant Williams' motion to suppress and on the admissibility of an out-of-court identification of the defendant. The court denied these motions.
Subsequently, on the same day, defendant requested that he be permitted to accept the plea offer previously made by the State which he rejected on November 1, 1993. The court denied defendant's request based on the imposition of the plea cut-off date of November 1, 1993, and stated that the court had no authority to approve any pleas after that date. Jury selection began immediately.
On January 11, 1994, a jury acquitted co-defendant Tonya Tisdale of all charges; defendant was found guilty of count two, *45 possession of a controlled dangerous substance; count three, possession of a controlled dangerous substance with intent to distribute; count four, distribution of a controlled dangerous substance. The record does not indicate what happened to counts one, five and six.
On January 20, 1994, the State moved for an extended term of imprisonment for the defendant as a persistent offender, pursuant to R. 3:21-4(e), N.J.S.A. 2C:44-3(a) and N.J.S.A. 2C:43-6(f). The defendant, pro se, moved for a directed verdict and to set aside the jury verdict. He also moved to have defense counsel removed from the case.[2]
On March 22, 1994, after oral argument, the court ordered defendant's judgment of conviction vacated and granted defendant leave to plead to the original pretrial plea offer. The trial court stayed the order until April 1, 1994, and deferred the motion by defense counsel and defendant for a new trial. On March 24, 1994, the court denied the State's motion for reconsideration.
On March 30, 1994, we granted leave to appeal, denied the State's motion for summary reversal and stayed the trial court's order of March 22, 1994.

I.
Although the procedural framework of this case involves a local "plea cut-off" rule[3], this appeal does not turn on whether a plea cut-off rule, either in general or as allegedly applied here, is a valid exercise of judicial authority. This is because a plea cut-off *46 rule permits a court to refuse to accept a plea agreement that is reached between the State and a defendant. Here, no such agreed-upon plea bargain was in effect when the trial court rejected the defendant's untimely, unilateral offer to plead guilty to an expired and non-existent plea offer. Instead, the court's order resurrects the expired plea offer and re-presents the offer to defendant over the State's objection.
The plea bargain system is founded on the "`mutuality of advantage' it affords to both the defendant and the State." State v. Taylor, 80 N.J. 353, 361, 403 A.2d 889 (1979) (citations omitted). Defendant obtains the benefit of reduced penal exposure while the State is provided with the certainty of some punishment and the conservation of limited resources. State v. Barboza, 115 N.J. 415, 420, 558 A.2d 1303 (1989).
This contractually-based principle necessarily requires that both parties to the bargain voluntarily agree to its term. A bargain cannot be imposed upon a defendant and, by the same token, a defendant has no legal entitlement to compel a plea offer or a plea bargain; the decision whether to engage in such bargaining rests with the prosecutor. See e.g., Mabry v. Johnson, 467 U.S. 504, 507 n. 5, 104 S.Ct. 2543, 2546 n. 5, 81 L.Ed.2d 437, 442 n. 5 (1984); Weatherford v. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837, 846 51 L.Ed.2d 30, 43 (1977); United States v. Mabry, 3 F.3d 244, 250 (8th Cir.1993); cert. denied, ___ U.S. ___, 114 S.Ct. 1403, 128 L.Ed.2d 75 (1994); see also State v. Brockington, 140 N.J. Super. 422, 427, 356 A.2d 430 (App.Div.,) certif. den. 71 N.J. 345, 364 A.2d 1077, cert. den. 429 U.S. 940, 97 S.Ct. 357, 50 L.Ed.2d 310 (1976).
There is no evidence in the record of the necessary meeting of the minds essential to a negotiated plea. See e.g., State v. Thomas, 61 N.J. 314, 321-22, 294 A.2d 57 (1972); see also State v. Warren, 115 N.J. 433, 442-46, 558 A.2d 1312 (1989); State v. Taylor, supra, 80 N.J. at 361-64, 403 A.2d 889; State v. Jones, 66 N.J. 524, 525-26, 333 A.2d 529 (1975). To the contrary, defendant rejected the plea offer.
*47 Even when defendant and the State agree upon a plea agreement, the agreement is executory in nature and dependent on the court's approval. See generally, Mabry v. Johnson, supra, 467 U.S. at 507, 104 S.Ct. at 2546, 81 L.Ed.2d at 440-41. Thus, the State is free to withdraw from a plea agreement before the agreement is accepted by the court. Mabry v. Johnson, supra, 467 U.S. at 507, 104 S.Ct. at 2546, 81 L.Ed.2d at 440-41; State v. Chappee, 211 N.J. Super. 321, 331, 511 A.2d 1197 (App.Div.), certif. den. 107 N.J. 45, 526 A.2d 135 (1986), cert. den. 493 U.S. 873, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989). Similarly, a defendant has no right to require the prosecutor to re-offer a plea which was rejected by the defendant. United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987), aff'd. o.b. 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140, 141 (1988). Under standard contract law principles, a defendant's rejection of a plea offer operates as a termination of the defendant's right to accept the offer. Corbin on Contracts § 3.41, (Rev. ed. 1993); Restatement (Second) Contracts, § 38 (1981).
While the State and the defendant are, therefore, free to engage in plea negotiations, the court's role is a different one. The court has the power to ultimately accept and enforce an agreement reached between the parties. This normally involves determining that the plea is voluntarily and intelligently entered, is supported by a factual basis, and is entered in the interests of justice. See generally, R. 3:9-3; State v. Bilse, 244 N.J. Super. 20, 26, 581 A.2d 518 (Law Div. 1990).
What the trial court clearly may not do, however, is participate in plea negotiations. R. 3:9-3(a); State v. Warren, supra, 115 N.J. at 441, 558 A.2d 1312; State v. Barboza, supra, 115 N.J. at 422, 558 A.2d 1303. Even under the 1989 amendments to R. 3:9-3(c) the court is not to participate in plea bargaining. Those amendments only allow the judge on the request of both parties tentatively to indicate the sentence he or she would impose; "[t]he amendments do not otherwise authorize the judge *48 to participate in plea agreements." State v. Warren, supra, 115 N.J. at 442 n. 7, 558 A.2d 1312.
Because a judge may not participate in plea negotiations, a judge may not tender a plea offer, especially over the objection of the prosecutor. Various courts have observed that such action improperly assumes the executive or prosecutorial power and, therefore, violates the doctrine of separation of powers. See Com. v. Gordon, 410 Mass. 498, 574 N.E.2d 974, 975-76 (1991) (trial court's acceptance of plea to lesser included offense over prosecutor's objection violated state constitutional separation of powers provision and "effectively usurped the decision-making authority constitutionally allocated to the executive branch."); People v. Orin, 13 Cal.3d 937, 120 Cal. Rptr. 65, 69, 533 P.2d 193, 197 (1975) (plea bargain could not be executed without prosecutor's agreement and court lacks authority to substitute itself for prosecution); People v. Mikhail, 13 Cal. App.4th 846, 16 Cal. Rptr.2d 641, 646 (1993) (based on separation of powers doctrine, it is solely the function of executive branch to engage in plea negotiations); People v. Harmon, 181 A.D.2d 34, 586 N.Y.S.2d 922, 925 (1992) (without prosecutor's consent, trial court cannot accept guilty plea to less than entire indictment); Com. v. Corey, 826 S.W.2d 319, 321-22 (Ky. 1992) (court may not enter into plea agreement with the defendant without consent of prosecution); State v. Ji, 251 Kan. 3, 832 P.2d 1176, 1186 (1992), denial of post-conviction relief aff'd. 255 Kan. 101, 872 P.2d 748 (1994) (plea bargaining lies within the discretion of the prosecutor); State v. Dawson, 203 Ga. App. 854, 419 S.E.2d 30, 31 (1992) (plea bargaining is in the exclusive province of prosecutor).
Regardless of the existence of a plea cut-off order or whether the court acted properly in enforcing the plea cut-off when the trial began, a plea could not have been entered herein because there was no offer for the defendant to accept. This case is factually distinguishable from State v. Bowen, 269 N.J. Super. 203, 634 A.2d 1371 (App.Div. 1993), where the State made a new plea offer after a pretrial hearing.
*49 In the case at bar, at the time defendant made his request to be permitted to enter a plea to the expired plea offer in question, the State set forth no position[4]. Nor did it make a new plea offer or resurrect the rejected plea offer. The defendant had no right to enter into a plea bargain at that time, and the State was not required to engage in negotiations with the defendant or renew the expired offer.

II.
Defendant's argument that the trial court abused its discretion rests primarily on his contention that the trial court acted improperly in implementing a plea cut-off before the motion to suppress was heard and decided. At this posture of the case, the trial court had no discretion to exercise, and therefore could not have abused its discretion. Even if the State had renewed the same offer it had made before trial proceedings had begun, the court acted well within its authority in enforcing a plea cut-off.
On June 23, 1994, the Supreme Court approved local implementation of court-imposed plea cut-offs, and on December 10, 1993, Essex County Assignment Judge Burrell Ives Humphreys approved the plea cut-off policy which had been in effect in Essex County since January 1993.
Here, the plea cut-off occurred only after the defendant was fully advised of his options and clearly expressed his desire to go to trial. Moreover, the defendant did not seek to plead guilty until the very last minute. He waited until the State was ready for trial and defendant's motions to suppress and to declare an *50 out-of-court identification inadmissible were denied. Under these circumstances, even if the court had the authority, it did not abuse its discretion in refusing to entertain defendant's belated request. See State v. Jacobson, 419 N.W.2d 899, 903 (N.D. 1988) (trial court did not abuse its discretion in refusing to accept a plea agreement on the day of trial); State v. Brimage, 271 N.J. Super. 369, 379, 638 A.2d 904 (App.Div. 1994) (stating that plea bargaining is "an accommodation which the judicial system is free to institute or reject").
In deciding that he had abused his discretion in rejecting the defendant's last-minute effort to change positions and to obtain the benefit of a long-expired plea offer, the trial judge focused solely on certain language in the Criminal Division Operating Standards. In particular, the court relied on the language of Standard III[5] providing that a plea cut-off should be implemented only after "necessary motions" are decided. The trial court reasoned that since the motion to suppress had not been decided, it was improper to employ the plea cut-off because a motion to suppress is a "necessary motion."
We need not pass upon this argument regarding implementation of the plea cut-off because we have already determined that there was no valid plea offer to accept and no plea agreement was agreed upon between the defendant and the State.

III.
The court's order vacating a valid jury verdict to allow the defendant to enter into an expired plea offer is contrary to public policy and the sound administration of justice and constituted a miscarriage of justice. A jury's verdict should not be treated so lightly nor set aside for such specious reasons as those advanced *51 by the defendant. As our Supreme Court noted in a different context in State v. Sims, 65 N.J. 359, 374, 322 A.2d 809 (1974), "[n]o legitimate purpose can be served by dissolving a jury verdict justly rendered."
Here, no legitimate purpose was served by setting aside the jury verdict and allowing the defendant to enter into a plea bargain after the trial on the pretext that there was still an outstanding plea. See Barnes v. State, 489 N.W.2d 273, 276 (Minn. Ct. App. 1992) (disapproving post-verdict plea bargaining as not serving the function of plea bargaining).
With the defendant having been fairly tried, the State should not find itself saddled with an unwanted plea bargain rejected by the defendant two months before trial.
Reversed and remanded for sentencing.
NOTES
[1] Judge Dreier did not participate in the oral argument. However, the parties consented to his participation in the decision.
[2] Defense counsel remained in the case and is still representing the defendant on appeal.
[3] The legality and wisdom of a court-imposed plea cut-off rule have been the subjects of vigorous debate among the members of the Supreme Court's Criminal Practice Committee. See 137 N.J.L.J. 96, (May 9, 1994); 3 N.J.L. 909 (May 16, 1994). However, the Supreme Court, on June 21, 1994, "approved a plea cut-off policy along with all the other rule recommendations designed to incorporate the Criminal Division Operating Standards into the Rules of Court."
[4] Of course, it was unnecessary for the State to do so because the trial court rejected defendant's belated attempt to accept the rejected plea offer without asking to hear from the prosecutor and, as the prosecutor later made clear, the prosecutor would not have re-offered the plea to the defendant at that time. Although the transcript of the motion originally rejected by the judge does not indicate the prosecutor's position regarding the defendant's request, the prosecutor made it clear at a later hearing that after the defendant's motion to suppress was denied, the "plea was never re-offered to him, nor any plea offer."
[5] The standards are set forth in the Criminal Division White Paper, 133 N.J.L. 1160 (1993) and quoted at length in State v. Brimage, supra, 271 N.J. Super. at 375-76, 638 A.2d 904.