VEASEY, Chief Justice.
In this appeal we consider whether a defendant should have been given an opportunity after his conviction and sentencing to reconsider an earlier plea offer made by the State and rejected by the defendant. The defendant contends that the Superior Court’s imposition of a term of imprisonment without providing the defendant another opportunity to consider the State’s plea offer constitutes punishment for the defendant’s imprudent rejection of the initial plea offer. We conclude that the defendant’s argument is without merit. The defendant had no legal entitlement to a plea bargain. Once he rejected the State’s offer, the State had no obligation to offer him another chance to plead, particularly after trial when the benefits to the State of a plea agreement were lost.

Facts

The defendant, Shavelle Washington, was indicted on two counts of second-degree criminal solicitation in connection with his attempt to purchase drugs over the telephone. Before trial, at case review, the State offered a plea bargain to Washington of two counts of misdemeanor criminal solicitation with the recommendation that the sentence consist of imprisonment entirely suspended for probation. Washington rejected the plea offer and insisted on proceeding to trial.
Washington was tried before a jury in the Sussex County Superior Court. Lynn Deputy, a drug dealer who had been arrested some time before Washington’s arrest, was among the State’s witnesses at trial. The prosecution played for the jury a recorded telephone conversation in which Deputy agreed to meet a caller at the caller’s home in order to sell the caller some crack cocaine. Deputy identified Washington as the caller. Washington testified in his own defense and denied ever meeting with or talking by telephone with Deputy.
The jury found Washington guilty of two counts of second-degree criminal solicitation. The court sentenced Washington to eighteen months’ imprisonment. After his conviction and sentencing, Washington moved for a new case review date in order to be permitted to reconsider the State’s *295 plea offer. The Superior Court denied Washington’s motion as frivolous. Washington appeals from the denial of his motion for a new case review.

Issue on Appeal

Washington argues that he should have another opportunity to accept the State’s original plea offer because, under the “unique” circumstances of the case, he is receiving a penalty of eighteen months in prison for his imprudence in rejecting the plea offer. The State argues, based on contractual principles underlying plea agreements, that Washington has no right to require the State to re-offer the plea bargain that Washington rejected.
This Court reviews for abuse of discretion the Superior Court’s denial of Washington’s motion for a new case review. The appeal presents issues relating to the trial court’s case management and the acceptance or rejection of a plea offer, issues that this Court reviews for abuse of discretion.[1]
The Superior Court did not abuse its discretion by denying Washington’s request for a post-trial case review so that he could accept a plea offer by the State after he was convicted and sentenced. To allow a defendant to accept a plea offer after he or she has been convicted and sentenced would create significant problems for judicial economy and would interfere with trial courts’ control over their dockets and scheduling. A defendant has no constitutional right or other legal entitlement to a plea bargain. Although Washington asserts that his case is “unique,” he has pointed to no circumstance or fact that renders his case unique and warrants an exception to the general principles controlling this issue.
Trial courts have significant control over and discretion in the management of their dockets and the scheduling of cases. In Slade v. State, the defendant rejected a plea offer made by the State and proceeded toward trial.[2] During jury selection the defendant changed his mind and sought to accept the plea offer. The Superior Court inquired whether any circumstances had arisen since the final case review that had caused the defendant to change his mind regarding the plea. The defendant said nothing had changed, and the plea offer was the same as that which he had rejected. The Superior Court denied the defendant’s request, explaining that the defendant “had not established good cause to deviate from the court’s case management procedures, which require the State to make its best offer and the defendant to accept or reject that offer no later than the date of the final case review.”[3] This Court upheld the Superior Court’s denial of the defendant’s belated request to plead:
The Superior Court, like all trial courts, has inherent discretion to control its own docket and scheduling. Pursuant to that discretion, the Superior Court has established guidelines identifying final case review as the last time at which a plea may be tendered, absent good cause shown. Those guidelines are au *296 thorized by and consistent with Superior Court Criminal Rule 11(e)(5), which provides that, “except for good cause shown, notification of the existence of a plea agreement shall be given at ... such ... time, prior to trial, as may be fixed by the court.”
[The defendant] could have accepted the plea at his final case review, but he declined and chose to go to trial. He has shown no “good cause” for his last minute change of heart. Accordingly, we find that the trial court acted well within its discretion in refusing to accept the plea after its deadline had expired.[4]
Likewise in the present case, allowing Washington a second opportunity to accept a plea agreement that he previously rejected would interfere with the court’s docket management and would waste judicial resources. The court acted within its discretion in rejecting Washington’s request.
Defendants have no legal entitlement to a plea bargain.[5] Rather, plea agreements are undertaken for mutual advantage and governed by contract principles.[6] In State v. Williams, a New Jersey case, the defendant, Williams, rejected the prosecution’s plea offers.[7] The trial court then imposed a plea cutoff date of November 1, 1993. On January 5, 1994, the first day of trial, Williams requested that he be permitted to accept the State’s previous plea offer. The court denied his request, trial proceeded, and Williams was convicted of several charges.[8] Williams then moved for a directed verdict and to set aside the jury verdict. The trial court vacated Williams’ sentence and allowed Williams to plead according to the original plea offer.[9] The State appealed. The appellate court reversed, applying contractual principles to the plea offer and the defendant’s rejection of the offer:
There is no evidence in the record of the necessary meeting of the minds essential to a negotiated plea. To the contrary, defendant rejected the plea offer.
Even when defendant and the State agree upon a plea agreement, the agreement is executory in nature and dependent on the court’s approval. Thus, the State is free to withdraw from a plea agreement before the agreement is accepted by the court. Similarly, a defendant has no right to require the prosecutor to re-offer a plea which was rejected by the defendant. Under standard contract law principles, a defendant’s rejection of a plea offer operates as a termi *297 nation of the defendant’s right to accept the offer.
While the State and the defendant are, therefore, free to engage in plea negotiations, the court’s role is a different one. The court has the power to ultimately accept and enforce an agreement reached between the parties. This normally involves determining that the plea is voluntarily and intelligently entered, is supported by a factual basis, and is entered in the interests of justice.
[[Image here]]
... [A] judge may not tender a plea offer, especially over the objection of the prosecutor. Various courts have observed that such action improperly assumes the executive or prosecutorial power and, therefore, violates the doctrine of separation of powers.
... [A] plea could not have been entered herein because there was no offer for the defendant to accept....
In the case at bar, at the time defendant made his request to be permitted to enter a plea to the expired plea offer in question, the State set forth no position. Nor did it make a new plea offer or resurrect the rejected plea offer. The defendant had no right to enter into a plea bargain at that time, and the State was not required to engage in negotiations with the defendant or renew the expired offer.[10]
Similarly, in the present case Washington had rejected the State’s plea offer. It was only after an unfavorable result at trial that he sought another opportunity to accept the State’s original plea offer. The State did not renew its plea offer. The State had no incentive to renew its offer. Because Washington had already been tried, the State would not gain the benefit of assuring some level of punishment that might not be achieved at all if Washington were acquitted. Nor would it save the resources involved in trying Washington. The Superior Court’s disposition of Washington’s motion comported with the policies underlying the plea bargaining process [11] and was within the Superior Court’s discretion.

Conclusion

Accordingly, the judgment of the Superior Court is AFFIRMED.

.See Slade v. State, No. 45, 2000 WL 140039, at *1, 1999, 2000 Del. LEXIS 18, at *2 (Del. Jan. 24, 2000) (ORDER) ("The decision to accept or refuse a plea is committed to the discretion of the trial court and this Court, therefore, reviews for abuse of discretion.”); see also id. at !T, 2000 Del. LEXIS at *3-4 (holding that the Superior Court acted within its discretion to control its own docket and scheduling when refusing to accept a plea after the final, pre-trial case review deadline for tendering a plea had passed).

. Id. at *1, 2000 Del. LEXIS at *1.

. Id. at *1, 2000 Del. LEXIS at *2.

. Id. at *1, 2000 Del. LEXIS at *3-4 (footnotes omitted) (first and second alterations in original).

. Weatherford v. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); see also Slade, 2000 WL 140039, at *1, 2000 Del. LEXIS 18, at *2 ("A defendant has no constitutional right to have the court accept a plea agreement.”).

. See State v. Williams, 277 N.J.Super. 40, 648 A.2d 1148, 1151 (App.Div.1994) ("The plea bargain system is founded on the ' "mutuality of advantage” it affords to both the defendant and the State.' Defendant obtains the benefit of reduced penal exposure while the State is provided with the certainty of some punishment and the conservation of limited resources.” (citation omitted)); see also id. ("This contractually-based principle necessarily requires that both parties to the bargain voluntarily agree to its term. A bargain cannot be imposed upon a defendant and, by the same token, a defendant has no legal entitlement to compel a plea offer or a plea bargain; the decision whether to engage in such bargaining rests with the prosecutor.”).

. Id. at 1150.

. Id.

. Id.

. Id. at 1151-52 (citations and footnote omitted).

. Cf. Santobello v. New York, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) ("Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.”), cited in Williams v. State, 491 A.2d 1129, 1132 (Del.1985).