**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4413-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DYLAN E. BARBIERI,

    Defendant-Appellant.

_____

Submitted February 8, 2022 – Decided March 25, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Accusation No. 13-06-0576.

Jill R. Cohen, attorney for appellant.

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Steven J. Salvati, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of his post-conviction relief (PCR) petition after a hearing, asserting he did not enter a knowing and voluntary guilty plea, was not fully advised of the consequences of his guilty plea, and his defense counsel did not review discovery prior to the plea. He also challenges the PCR court's order quashing certain subpoenas. We affirm.

Defendant was charged in an accusation with second-degree robbery, N.J.S.A. 2C:15-1(a)(1), after he attempted to leave a store with two thirty-two-inch flat screen television sets without paying for them. At the time of defendant's arrest he was homeless and unemployed. He had pending shoplifting charges. He admitted to using five to six bags of heroin a day and that he was under the influence of heroin at the time of these events.

Defendant applied and was accepted into the Recovery Court program. In exchange for a guilty plea to the robbery charge, defendant was sentenced to five years' probation in the Recovery Court program.

During the plea hearing, defendant stated that as he got "right outside the front door," a store employee "[g]rabbed [him] by the arm and pulled [him] back inside." Although defendant attempted to get away from the employee by pulling away from him, defendant testified that the store employee "grabbed my

2

jacket and I just kind of pulled off of it." Defendant conceded he used force to pull away.

Defendant also advised the plea judge he understood his right to a grand jury and jury, he was entering into the guilty plea voluntarily, he understood the terms of the plea, and he had discussed the matter with counsel. Defendant also stated he understood if he did not successfully complete the Recovery Court program, he would be subject to an alternate sentence of three years in prison, with an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.[1] Defendant successfully completed the Recovery Court program in November 2016.

In 2019, defendant filed a PCR petition asserting that he received ineffective assistance of counsel because plea counsel did not review discovery with him, resulting in defendant entering a guilty plea without a factual basis. He also contended counsel was ineffective because he failed to adequately explain the consequences of his plea, specifically that a second-degree robbery conviction cannot be expunged, and counsel failed to obtain a more favorable charge that would allow for expungement. Therefore, defendant asserted he did not knowingly and voluntarily enter a guilty plea.

---

[1] The alternate sentence was in the third-degree range.

After oral argument on the petition, the PCR court granted defendant an evidentiary hearing. Thereafter, defendant served two subpoenas duces tecum for prosecutors to appear and provide the State's files on seven cases unrelated to defendant's guilty plea and for the State's file on defendant's case.

The State moved to quash the subpoenas. In granting the motion to quash, the court found the subpoenas were "overbroad" and did not specify any particular documents in the file that would support defendant's theory that trial counsel was ineffective at the time of his plea. The PCR court also stated that the production of the requested files "risk[ed] revealing information that is protected by the State's work product privilege." In addition, the documents were not relevant to the issues asserted by defendant in the PCR petition.

In a written opinion and accompanying order of June 26, 2020, the court denied the PCR petition. In considering the claim that trial counsel failed to review any discovery, the court found that counsel used his "reasonable professional judgment to effectuate [d]efendant's two goals—getting out of jail and getting in[to] treatment—faster than if [d]efendant had waited additional months to proceed to trial." The court also noted there was no other plea offered other than the second-degree robbery charge. And, the court stated, defendant "failed to show that if plea counsel had acquired and reviewed this discovery

with [d]efendant, there is a reasonable probability that the outcome would have been different."

As for counsel's failure to obtain a plea agreement to a lesser degree offense that would permit expungement of his record, the trial court found that "[d]efense counsel's performance was not deficient for failing to secure a more favorable charge over which plea counsel had no control and to which [d]efendant was not entitled."  Furthermore, the alternate sentence in the third-degree range was favorable to defendant.  Addressing the claim of ineffective assistance for trial counsel's failure to explain any expungement consequences of the guilty plea, the court stated, "[t]he fact that pleading guilty to second-degree robbery precluded [d]efendant from seeking expungement is a non-material collateral consequence."  And defense counsel was not "ineffective for [his] failure to advise [d]efendant of those [collateral] consequences."  The PCR court further found that defendant had not demonstrated "there [was] a reasonable probability that, but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial."

Defendant raises the following points for our consideration:

> POINT I. THE PCR COURT FAILED TO ADDRESS WHETHER THE DEFENDANT ELICITED A FACTUAL BASIS AND ENTERED A[] KNOWING AND VOLUNTARY PLEA

A-4413-19

POINT II. THE PCR COURT ERRED IN FAILING TO ADDRESS WHETHER APPELLANT'S TRIAL COUNSEL'S ASSISTANCE [A]FFECTED THE OUTCOME OF THE CASE

POINT III. THE PCR COURT ERRED BY DENYING THE APPELLANT A FULL AND FAIR EVIDENTIARY HEARING BY PRECLUDING THE APPELLANT FROM CALLING WITNESSES AND BY QUASHING THE DEFENSE SUBPOENAS DUCES TECUM

In considering Point I, we are satisfied the PCR court did not err in finding defendant's guilty plea to the robbery charge was supported by an adequate factual basis. Defendant stated he used force while committing the theft of two television sets. Defendant also gave a voluntary and knowing plea. He informed the court: he understood his rights, he was giving up his right to a grand jury and jury, he was not threatened or forced into entering a plea, and he had sufficient time to discuss the waiver of his rights with counsel.

We turn next to the ineffective assistance of counsel claims. The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing

6

that: (l) counsel's performance was deficient and counsel made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant has not met that standard.

On appeal, defendant renews his ineffective assistance of counsel claims, stating that defense counsel did not review discovery prior to the plea hearing, counsel failed to procure a plea to a lesser degree offense, and counsel failed to explain the consequences of pleading to a second-degree crime. We are unpersuaded.

Defendant and his trial counsel testified during the PCR hearing. Defendant agreed that counsel met with him several times during which they discussed his options and the Recovery Court program. Counsel also explained the charges defendant might face. Defendant stated that counsel told him the

State's plea offer was a plea to second-degree robbery and he would be sentenced to probation and Recovery Court.

Defendant testified that he pleaded guilty because "[he] wanted to" and that counsel did not force him to enter a guilty plea. Defendant stated he pleaded guilty to second-degree robbery to meet his goals of "get[ting] out of jail" and having his "addiction addressed."

Defendant's counsel also testified during the PCR hearing, stating he believed he was "competent," "prepared in answering the plea," and "diligently represented [defendant] at [the] time." Counsel stated he used his "professional judgment" and expertise with the Recovery Court program to "la[y] out the options to the defendant" and help him get out of jail and into treatment—which aligned with defendant's wishes. Counsel further said that the cost of going to trial was too great, as it would likely result in defendant remaining in jail for up to eight months—making defendant's recovery from his substance abuse addiction less likely. Counsel admitted that he had not received discovery from the State prior to the plea.

In determining effectiveness and reasonableness of counsel, a court must provide defense counsel with a "strong presumption that [their] conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S.

at 689. The reviewing court gives "a heavy measure of deference to counsel's judgments." State v. Chew, 179 N.J. 186, 205 (2004) (quoting State v. Martini, 160 N.J. 248, 266 (1999) (citation omitted)).

Defendant has failed to show that counsel's performance was deficient to the extent that he did not receive counsel guaranteed under the Sixth Amendment. Trial counsel made strategic decisions and followed defendant's wishes for admission into the Recovery Court program. This was a better result than awaiting discovery and trial with a possible five to ten-year sentence exposure subject to NERA. And pleading at an earlier stage of the proceedings allowed defendant to begin treatment for his addiction sooner by entering a long-term, in-patient facility.

Even if counsel's performance was deficient under prong one, defendant still cannot meet his burden under the second Strickland-Fritz prong, as defendant has not proven that counsel's deficiency affected the outcome of the proceedings. Defendant has not stated he would not have pleaded guilty had defense counsel reviewed discovery. As the PCR court stated, even if discovery was provided, the State did not make any additional plea offers. Defendant has not proffered any evidence demonstrating a "reasonable probability" that, but

for defense counsel's failure to review discovery, defendant would have changed his decision to plead guilty and insisted on going to trial.

We reach a similar result regarding defendant's argument that counsel was ineffective for failing to plead down the second-degree robbery charge to a lesser offense. The decision whether to extend a plea offer rests with the prosecutor, not defense counsel. State v. Williams, 277 N.J. Super. 40, 46 (App. Div. 1994). Defendant also produced no evidence that the prosecutor would have downgraded the charge.

Next, defendant contends he was deprived of effective counsel because defense counsel failed to advise defendant of the consequences of pleading guilty to second-degree robbery, namely that it cannot be expunged.

Our Supreme Court has held that in discussing a plea offer, defense counsel only needs to explain the direct or penal consequences of a guilty plea, not all of the collateral consequences. State v. Bellamy, 178 N.J. 127, 134 (2003) (emphasis added) (quoting State v. Howard, 110 N.J. 113, 122 (1988)). Direct and penal consequences are those which are so severe that fundamental fairness requires a defendant be informed prior to entering a guilty plea; one such direct and penal outcome that counsel must alert defendant of is the consequence that defendant will be confined for the remainder of his or her life.

10

Id. at 139-40. This court has recognized collateral consequences, including: loss of employment, effect on immigration status, voting rights, possible license suspension, and possible dishonorable discharge from the military. State v. Heitzman, 209 N.J. Super. 617, 622 (App. Div. 1986), aff'd o.b., 107 N.J. 603, 604 (1987).

Defense counsel was not deficient in his representation by failing to advise defendant that his plea to second-degree robbery was not subject to expungement. Whether a criminal record may be expunged does not rise to the magnitude of an outcome such as life imprisonment, parole ineligibility, or the restrictions of Megan's Law. See Bellamy, 178 N.J. at 139-40 (holding that indefinite confinement requires defendant be informed of such prior to pleading guilty); see also Howard, 110 N.J. at 125 (allowing plea withdrawal where defendant was unaware of parole eligibility implications). Expungement eligibility is not a direct or penal consequence of a guilty plea.

Defendant also has not shown that any information regarding expungement of his record would have changed his decision to plead guilty. During the PCR hearing, defendant stated if he had "known or been advised that a conviction for robbery could never be expunged," he would have hesitated to take the plea offer. However, he also testified that his goal was to avoid jail

11

time and enter the Recovery Court program to receive treatment for his addiction—goals he achieved by pleading guilty to second-degree robbery. As previously stated, there was no other plea offer. Defendant has not satisfied his burden under Strickland.

We turn to defendant's contention that the court erred in granting the State's motion to quash certain subpoenas. After defense counsel and two prosecutors testified at the PCR hearing, defendant issued the subpoenas for eight case files from the prosecutor's office. Defendant proffered he needed his own file to see if there was a transmittal sheet regarding the production of discovery prior to the entry of defendant's guilty plea. Defendant sought production of the other seven files to demonstrate that the State had, in the past, downgraded second-degree robbery charges to a lesser, third-degree theft charge.

The PCR court did not abuse its discretion in granting the State's motion to quash. The eight case files defendant subpoenaed are not relevant to the central issue in defendant's PCR petition——whether defendant received ineffective assistance of counsel and whether defendant entered into his guilty plea knowingly and voluntarily.

The requested files did not have "a tendency in reason to prove or disprove any fact of consequence to the determination of the action."  R. 401.  With respect to the seven files, whether other individuals may have received a down-graded charge in a plea agreement does not prove whether defense counsel here was ineffective.  Each case has a different set of facts and circumstances and stands on its own.  In addition, defendant sought to compel the testimony of an assistant prosecutor who was not the assistant prosecutor on defendant's case.  Any decisions she made regarding other defendants' plea agreements were not relevant or probative as to whether defendant received ineffective assistance of counsel or whether he entered into the plea knowingly and voluntarily.

The PCR court also did not err in granting the State's motion to quash the subpoena for defendant's case file. Prior to the presentation of the subpoena, the PCR court noted that the production of discovery prior to entering the guilty plea, or lack thereof, did not bear on the issue of ineffective assistance of counsel.  We see no reason to disturb the court's discretionary ruling.  See In re Subpoena Duces Tecum on Custodian of Recs., Crim. Div. Manager, Morris Cnty., 214 N.J. 147, 162-63 (2013).

Defendant did not present a prima facie case of ineffective assistance.  The PCR judge's determination was supported by sufficient credible evidence and

was reached after a hearing during which defendant testified.  We see no reason to disturb the trial court's order denying defendant's PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4413-19