**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0285-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAHMMEL B. CEPHAS, a/k/a
JAMEL CARPENTER, and
JAHMEL CEPHAS,

    Defendant-Appellant.

_____

Submitted February 7, 2024 – Decided March 7, 2024

Before Judges Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 15-11-1347 and 17-08-0886.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jahmmel B. Cephas appeals from a June 29, 2022 Law Division order denying his petition for post-conviction relief (PCR) alleging ineffective assistance of trial and appellate counsel without an evidentiary hearing. We affirm.

I.

To resolve the issues raised in this PCR appeal, we need not discuss the trial evidence, which is detailed in our unpublished opinion affirming defendant's convictions for first-degree aggravated manslaughter, related weapons charges, including certain persons not to possess a firearm, hindering apprehension, and tampering with physical evidence. Defendant was sentenced to an aggregate sixty-year term of imprisonment, which included an extended fifty-year term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. State v. Cephas, No. A-4017-17 (App. Div. Oct. 5, 2020). The Supreme Court denied defendant's petition for certification. State v. Cephas, 245 N.J. 70 (2021).

On March 15, 2021, defendant filed a pro se petition for PCR alleging ineffective assistance of trial and appellate counsel. Counsel subsequently filed a brief in support of the petition. Defendant also filed a pro se supplemental

brief.  In his certification in support of PCR, defendant alleged his trial counsel[1] advised him not to testify at trial because defendant "could not remember" where he obtained the weapon to shoot Pryce and because of his "prior record." Defendant stated he wanted to testify to explain the events that led to the fatal shooting of Pryce,

Defendant certified he was "wrongly deprived of [his] constitutional right to testify" and "present a defense," specifically to convey Pryce was "the aggressor" and defendant "had only acted in self-defense."  Defendant also certified his trial counsel was ineffective for not explaining to the jury the "history between" the two men and the "animosity" Pryce had towards defendant "over someone [they] had both seen romantically," namely Shakira Peel. Defendant further certified that trial counsel failed to interview and present exculpatory witnesses at trial, including Peel, Cheyenne Brandon, and Isaiah Marshall, to "corroborate [his] version of the events leading up to the shooting" and his "state of mind."

In addition, defendant certified trial counsel was ineffective during plea negotiations and failed to properly advise him of the "advantages and

---

[1]  Defendant was represented by two trial attorneys throughout the trial.  We refer to them as "trial counsel" in our opinion.

disadvantages of accepting the State's plea offer," and counsel materially misinformed him of his sentencing exposure during the plea negotiation process. Defendant stated that in our unpublished opinion, we relied upon "a mistake in facts" in concluding the trial court did not err in not instructing the jury on passion-provocation manslaughter, and his appellate counsel was ineffective by not filing a motion for reconsideration with this court or raising the issue in the petition for certification.

After considering the parties' briefs and oral argument, Judge Colleen M. Flynn denied defendant's petition without an evidentiary hearing for the reasons set forth in her comprehensive thirty-seven-page written opinion. Judge Flynn, who was also the trial judge, found defendant waived the right to testify at trial. The judge cited her extensive colloquy with defendant on his election not to testify, in which she ensured he "was able to knowingly and intelligently answer" her questions, and queried whether he had the opportunity to discuss with trial counsel his constitutional right to testify at trial.

The judge found defendant "was aware that the decision to testify, or not testify, was his alone to make." The judge was satisfied that defendant "stated clearly that it was his decision not to testify" and noted "a sanitized version of" his criminal record would have been subject to cross-examination "given his

4

lengthy list of prior convictions."  The judge explained, "raising [defendant's] criminal record could have done more harm than good had he testified."

The judge found defendant's claims that his trial counsel was ineffective, and he was deprived of his constitutional right to present a defense for failing to interview and proffer Brandon and Marshall were procedurally barred under Rule 3:22-5,[2] and not subject to collateral review.  Judge Flynn noted that this court affirmed her ruling on the passion-provocation charge, and defendant's attempt to relitigate the issue was barred under Rule 3:22-5.  Notwithstanding the procedural bar, the judge found on the merits that defendant "was given the opportunity to present a defense," and his attorneys "moved in limine to raise the affirmative defense of self-defense," which she granted over the State's objection.

The judge emphasized that defendant's argument that he was prevented from raising the affirmative defense of self-defense was "untrue."  She determined that if Marshall and Brandon had testified and corroborated defendant's assertions, "their testimony would have little to no effect on a

---

[2] Rule 3:22-5 states: "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this [R]ule or prior to the adoption thereof, or in any appeal taken from such proceedings."

A-0285-22

passion-provocation manslaughter charge" because other witnesses testified about defendant's interaction with the victim and was supported "by video evidence," thereby making their purported testimony "cumulative."

Defendant asserted that Brandon would have testified that the shooting was "unplanned and spontaneous," and they just wanted to "go out to have a good time." Defendant claimed Marshall would have testified that the victim initiated the confrontation with defendant. The judge found Brandon's and Marshall's purported testimony would not have contributed to the passion-provocation manslaughter analysis because the witnesses's proffered testimony was "already presented at trial by other witnesses," and by video evidence.

In addition, the judge highlighted any testimony from Brandon and Marshall regarding the interaction between defendant and the victim—before the shooting—would have no effect "because the evidence supports there was a 'cool-off period' after this exchange," and defendant had not demonstrated prejudice to undermine the outcome of the trial. The judge held trial counsel's decision not to interview and present Brandon and Marshall at trial was a reasonable trial strategy.

The judge rejected defendant's argument that he was denied his right to a fair trial by an impartial jury, and his due process rights were violated because

6

of improper jury charges. The judge explained that defendant's arguments were procedurally barred under Rule 3:22-5. Nevertheless, the judge addressed defendant's claim that she erred by failing to charge the jury on the lesser-included offense of passion-provocation manslaughter.

The judge noted we concluded there was "no rational basis to support a passion-provocation manslaughter charge." And, even if our decision contained a mistake of fact by stating defendant waited for the victim outside of the lounge, it was irrelevant because the evidence showed defendant lost "self-control," shot the victim after a sufficient amount of time had passed "for an ordinary person to cool off," and defendant's actions "were not proportional to the victim's actions."

The judge likewise determined defendant's claim that he would have accepted a thirty-year plea offer had he been properly informed of his potential exposure if found guilty was a bald assertion unsupported by any credible evidence. The judge rejected defendant's argument that his trial counsel should have negotiated a fifteen-year sentence. The judge elaborated that defendant had multiple opportunities to accept the plea offer after discussing it with trial counsel, but he chose to proceed to trial.

7

The record shows there were seven pre-trial hearings conducted in this matter, and trial counsel indicated to the court that he wanted to afford defendant the opportunity to investigate, interview witnesses, and review all discovery to enable defendant to make "an objective and intelligible decision" about the plea offer, which he ultimately rejected. Citing State v. Williams, the judge noted defendant had no legal entitlement to compel a plea offer or a plea bargain. 277 N.J. Super. 40, 46 (App. Div. 1994).

With respect to Peel, the judge noted that she had testified on behalf of the State and was subject to cross-examination by defense counsel. Defendant argued trial counsel should have specifically questioned Peel whether she had remained in contact with him after she reconciled with the victim. Defendant further argued that Peel would have told the jury about the victim's purported propensity for violence and prior threats. The judge rejected defendant's contention that his trial counsel should have subpoenaed Peel to "complete cross-examination" as meritless and unsupported by any indication he suffered prejudice as a result. The judge concluded defendant's bare assertion was unsupported by any evidence in the record other than his self-serving certification.

Before us, defendant raises the following for our consideration:

POINT I

AS DEFENDANT HAD SHOWN THAT HE HAD RECEIVED INEFFECTIVE OF ASSISTANCE OF TRIAL COUNSEL AND THAT HE HAD BEEN PREJUDICED THEREBY, THE PCR COURT ERRED BY DENYING HIS PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

(1) Trial counsel's failure to investigate and present exculpatory witnesses was prejudicial.

(2) Trial counsel's failure to subpoena . . . Peel to complete cross-examination was prejudicial.

(3) Trial counsel's failure to present defendant's testimony at trial was prejudicial.

(4) Trial counsel was prejudicially ineffective during the plea negotiation process.

(5) Trial counsel's cumulative errors denied defendant effective legal representation.

(6) As there were genuine issues of material facts in dispute, the PCR court erred by denying defendant's PCR petition without an evidentiary hearing.

POINT II

AS THE APPELLATE DIVISION'S RELIANCE UPON INCORRECT MATERIAL FACTS LED IT TO AN ERRONEOUS DECISION THAT THE TRIAL COURT HAD NOT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON PASSION-PROVOCATION MANSLAUGHER, APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO FILE A MOTION FOR RECONSIDERATION OR TO

9

RAISE THE MATTER BEFORE THE SUPREME COURT.

## II.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462-63 (1992). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

A PCR claim is not a substitute for a direct appeal and must hurdle some procedural bars. R. 3:22-3. "[A] defendant may not employ [PCR] to assert a new claim that could have been raised on direct appeal . . . or to relitigate a claim already decided on the merits . . . ." State v. Goodwin, 173 N.J. 583, 593 (2002). Under Rule 3:22-4, a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one of three exceptions apply. See State v. Nash, 212 N.J. 518, 546 (2013). The Rule provides:

Any ground for relief not raised in the proceedings resulting in the conviction, . . . or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the [PCR] hearing finds:

(1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

[R. 3:22-4(a).]

Rule 3:22-5 provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any [PCR] proceeding, . . . or in any appeal taken from such proceedings." "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476 (citing R. 3:22-5 ). "[A] defendant may not use a petition for [PCR] as an opportunity to relitigate a claim already decided on the merits." State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

Based on our review of the record and applicable law, we are satisfied that defendant failed to make a prima facie showing of ineffectiveness of trial or appellate counsel within the Strickland/Fritz test warranting an evidentiary hearing. We are further satisfied that all of defendant's arguments raised on PCR are either procedurally barred or without substantive merit. Defendant's arguments raised on appeal were more than adequately addressed by the PCR judge and do not warrant additional discussion. R. 2:11-3(e)(2). We affirm substantially for the reasons articulated by Judge Flynn in her thoughtful and thorough written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12