**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3215-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AZIM BROGSDALE, a/k/a
HAZIM BROGSDALE,
AZIM LANG, HAZIM M.
BROGSDALE, and AZIM
N. BROGSDALE,

    Defendant-Appellant.

_____

Submitted May 14, 2025 – Decided August 21, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-01-0200.

Jennifer N. Sellitti, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Azim Brogsdale appeals from the April 6, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The underlying facts in this case were detailed in our prior opinion affirming defendant's convictions, and we incorporate them by reference. State v. Brogsdale, No. A-4782-16 (App. Div. Aug. 8, 2019) (slip op. at 2-5). We recite the following facts and procedural history relevant to this appeal.

On February 17, 2012, defendant, then sixteen years old, agreed to commit a robbery with his co-defendants, twenty-year-old Haroon Perry and seventeen-year-old Marquise Hawkins, along with seventeen-year-old Jaquill Waters, who was not charged. Id. at 2. With Perry driving the vehicle, they encountered four teenagers, K.W., D.A., N.W. and K.N., who were walking on a sidewalk. Armed with guns, defendant and one of the co-defendants[1] exited the vehicle, approached the four teenagers, and announced a robbery. Ibid. D.A. gave them

_____

[1] During Hawkins's trial, the other individual was identified as Perry. State v. Hawkins, No. A-4848-14 (App. Div. Apr. 9, 2018) (slip op. at 3). During defendant's trial, Perry identified the other individual as Waters. Hawkins is not a party to this appeal.

lip balm, gum and a dollar, N.W. gave them his cellphone, and the four victims then attempted to flee. Ibid. From the car, Hawkins yelled to "get" or "watch" the victim in the yellow jacket, referring to K.N. Id. at 2-3. Defendant and the co-defendant shot at the fleeing victims, striking K.W. in the back and killing him. Id. at 3.

In their statements to detectives, D.A. and N.W. provided different descriptions of the assailants, which did not fully match defendant's appearance. Ibid. The investigation led to Hawkins, who turned over N.W.'s cellphone to detectives, and to Perry, who identified defendant as a participant in the robbery. Ibid. In separate procedures, D.A. and N.W. each chose defendant's picture from a photo array, and D.A. identified him as the assailant who shot K.W. Ibid.

After jurisdiction over the juvenile complaint charging defendant was waived to the Law Division, a grand jury charged him and his co-defendants with: second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and :15-1 (count one); first-degree robbery, N.J.S.A. 2C:15-1 (counts two, three, four and five); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count six); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and :11-3(a)(1) and (2) (count seven); first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count eight); second-degree unlawful possession of a handgun,

3

N.J.S.A. 2C:39-5(b) (counts nine and ten); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count eleven). Id. at 4.

Both co-defendants' cases were resolved before defendant's trial. In March 2015, a jury found Hawkins guilty of all charges except possession of one of the two handguns, and he was sentenced to an aggregate fifty-five-year prison term with an eighty-five-percent parole ineligibility period in May 2015.[2] Hawkins, slip op. at 2. Also in May 2015, pursuant to an agreement with the State, Perry pleaded guilty to aggravated manslaughter, conspiracy and two counts of robbery, and agreed to testify against defendant.[3] Brogsdale, slip op. at 4.

Prior to defendant's January 2017 trial, he initialed and signed a pretrial memorandum reflecting the charges against him carried a maximum term of life imprisonment plus eighty years, with a maximum parole ineligibility period of 131 years. The memorandum also indicated the State did not tender defendant a plea offer. After the pretrial conference, defendant's attorney was substituted with new trial counsel.

---

[2] We affirmed Hawkins's convictions but remanded for reconsideration of the sentence and to amend the judgment of conviction (JOC) to reflect merger and the deletion of an aggravating factor. Hawkins, slip. op. at 37.

[3] Perry is not a party to this appeal.

A-3215-22

At trial, the State provided testimony from the surviving victims, an independent eyewitness, law enforcement personnel, the State medical examiner and Perry. Id. at 5. The jury found defendant guilty on all counts. Ibid.

During the sentencing hearing, the court found the following aggravating factors: one (the nature and circumstances of the offense, and the role of the actor in committing the offense, including whether or not it was committed in an especially heinous, cruel, or depraved manner); three (the risk of re-offense); five (there is a substantial likelihood that the defendant is involved in organized criminal activity); six (the extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted); and nine (the need for deterring the defendant and others from violating the law). N.J.S.A. 2C:44-1(a) (1), (3), (5) (6) and (9). The court considered defendant's youth but found no mitigating factors under N.J.S.A. 2C:44-1(b). Id. at 5-6. Finding the aggravating factors "by far" outweighed the mitigating factors, the court sentenced defendant to an aggregate prison term of fifty-five years with an eighty-five percent parole ineligibility period. Id. at 6.

We affirmed the convictions but, because aggravating factor five was not supported in the record, remanded for resentencing without consideration of that factor and to clarify a discrepancy in the JOC with regard to count eight. Id. at

25-26, 33. The August 23, 2019 change of JOC retained aggravating factor five, clarified the sentence imposed on count eight, and imposed the same aggregate and parole ineligibility terms.

On June 21, 2021, defendant filed a pro se verified petition for PCR, claiming ineffective assistance of trial counsel during plea negotiations and alleging trial court bias. Defendant later filed a counseled certification, asserting his attorneys failed to properly advise him of the maximum sentence exposure and the strengths and weaknesses of the State's case. Defendant claimed he was unaware he faced fifty-five years' imprisonment and would have considered pleading guilty had he been properly informed. Counsel filed a brief in support of the petition, which the State opposed.

After considering argument, the PCR court denied the petition without an evidentiary hearing. In its April 6, 2023 written opinion, the court found "[n]ot a scintilla of evidence" to support defendant's contention trial counsel failed to properly advise him of the maximum exposure he faced by going to trial. Five months after Hawkins's sentencing, defendant initialed and signed the pretrial memorandum. The court found it "inconceivable" defendant was unaware of Hawkins's guilty verdict and sentence, and noted defendant had 426 days to "digest" this information when jury selection began for his trial. Thus, the court

6

found defendant "was well aware of his potential sentencing exposure and that any plea would be without a recommendation or any agreement from the State," because, according to the assistant prosecutor, "the State was never pleading this case."

The PCR court also rejected defendant's contention trial counsel failed to discuss with him the strengths and weaknesses of the State's case. The court noted defendant's initial counsel was substituted over six months prior to trial, and trial counsel filed a motion regarding the photo array identification of defendant. Because defendant was present for the motion, the PCR court concluded he was aware of the State's "paramount" evidence, including the victims' and Perry's identification of him as the shooter.

In addition to finding defendant's petition did not demonstrate the first prong of Strickland,[4] the PCR court also determined defendant "failed to provide any plausible argument[] or scintilla of proof" that the outcome of the proceedings would have been different. Noting the "mountain of evidence" against defendant, the court found no reasonable probability that, but for counsel's alleged errors, he would have been acquitted. And given the State's no plea position, the PCR court rejected defendant's claim he would have

---

[4] Strickland v. Washington, 466 U.S. 668 (1984).

pleaded guilty. Because neither prong of <u>Strickland</u> had been met, the court

denied defendant's request for a hearing.

## II.

Defendant argues the following points on appeal:

POINT I

THE PCR COURT ERRED IN DENYING [DEFENDANT] AN EVIDENTIARY HEARING CONCERNING HIS CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE FROM HIS COUNSEL CONCERNING PLEA NEGOTIATIONS.

POINT II

A REMAND FOR RESENTENCING IS REQUIRED BECAUSE THE TRIAL COURT IGNORED THE APPELLATE DIVISION'S DIRECTIVE TO RESENTENCE IN VIEW OF THE TRIAL COURT'S ERROR WITH RESPECT TO AGGRAVATING FACTOR FIVE.

POINT III

[DEFENDANT] WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY VIRTUE OF BOTH HIS TRIAL COUNSEL'S INADEQUATE ADVOCACY CONCERNING [DEFENDANT'S] SENTENCE AND HIS PCR COUNSEL'S FAILURE TO RAISE THAT POINT.

<u>POINT IV</u>

A REMAND IS NECESSARY TO ADDRESS THE DISPARITY IN THE SENTENCES [DEFENDANT] AND HIS CO-DEFENDANT MARQUISE HAWKINS RECEIVED.

An appellate court reviews the legal conclusions of a PCR judge de novo. <u>State v. Harris</u>, 181 N.J. 391, 419 (2004). The de novo standard also applies to mixed questions of law and fact. <u>Ibid.</u> Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." <u>Id.</u> at 421.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in <u>Strickland</u>, 466 U.S. at 687, and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012). First, a "defendant must show that counsel's performance was deficient" and "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless it was not "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." <u>Id.</u> at 687-88.

9

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). To satisfy the second Strickland prong, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687.

A defendant's "Sixth Amendment right to counsel[] . . . extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162 (2012). After receiving a plea offer, a defendant may establish Strickland prejudice "if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." Id. at 168.

However, the plea process "requires that both parties to the bargain voluntarily agree to its term." State v. Williams, 277 N.J. Super. 40, 46 (App.

Div. 1994). "[A] defendant has no legal entitlement to compel a plea offer or a plea bargain; the decision whether to engage in such bargaining rests with the prosecutor." Ibid.; see also Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.").

Here, well over a year prior to trial, defendant signed a pretrial memorandum acknowledging he understood the maximum prison term and potential parole ineligibility period attendant to the charges he faced. Thus, the record belies his contention he was unaware of the consequences of trial. Defendant may not rely on "bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, the petition "must allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid. On this record, we are unconvinced by defendant's claim he did not know his sentencing exposure because of constitutionally deficient counsel.

Likewise, we are unpersuaded by defendant's claim he was unaware of the strengths and weaknesses of the State's case against him. Defendant knew two surviving victims separately identified him and his co-defendant Perry would testify against him at trial. And even if counsel was somehow deficient in

11

discussing these proofs with defendant, defendant nevertheless cannot demonstrate the outcome would have been different because, as documented in the plea agreement, the State chose not to engage in plea negotiations.

Because defendant's petition failed to establish by a preponderance of the evidence a prima facie case for relief, the PCR court did not abuse its discretion in denying his request for a hearing. R. 3:22-10(b); see State v. Preciose 129 N.J. 451, 462-63 (1992).

The remainder of defendant's arguments, alleging error in resentencing on remand, ineffective assistance of trial counsel at sentencing, ineffective assistance of PCR counsel and disparity in sentence,[5] were not raised before the PCR court. Appellate courts decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. State v. Galicia, 210 N.J. 364, 383 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter and therefore we do not address these newly-minted arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[5] We granted defendant's motion to supplement the record with documents regarding Hawkins's resentencing.

12

A-3215-22